Andre Verdun (SBN 265436)
**LAW OFFICE OF ANDRE L. VERDUN**
1777 N Ventura Ave
Ventura, CA 93001
Tel.6198800110
Fax.8668040051
service@verdunlaw.com

Attorney for Plaintiff,
Tran Thuy Le

THE LAW OFFICES OF: ANDRE L. VERDUN

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **TRAN THUY LE, an individual,**<br><br>Plaintiff,<br>vs.<br><br>**THE TURNKEY FOUNDATION INC. doing business as ARBOR FINANCIAL GROUP; KIND LENDING LLC; and DOES 1 through 50, inclusive,**<br><br>Defendants. | Case No.: 3:26-cv-01570-JLS-VET<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Date: September 24, 2026<br>Time: 1:30 p.m.<br>Courtroom: 4D<br><br>Judge: Hon. Janis L. Sammartino |

THE LAW OFFICES OF: ANDRE L. VERDUN

TABLE OF CONTENTS

**I. INTRODUCTION** .......... 1
**II. PROCEDURAL BACKGROUND** .......... 2
**III. THE AMENDMENTS AND WHY THEY ARE MADE** .......... 2
**A. THE AMENDMENT RESOLVES THE ISSUES RAISED IN KIND'S MOTION (ECF NO. 2).** .......... 2
**B. THE AMENDMENT RESOLVES THE ISSUES RAISED IN ARBOR'S MOTION (ECF NO. 11).** .......... 4
**C. THE AMENDMENT STRENGTHENS THE CLAIMS WITH THE LOAN FILE AND ADDS THE PARTIES THE FACTS REQUIRE.** .......... 5
**D. THE CLAIMS AND THEORIES WITHDRAWN.** .......... 7
**IV. ARGUMENT** .......... 7
**A. PLAINTIFF MAY FILE THE SECOND AMENDED COMPLAINT AS A MATTER OF COURSE UNDER RULE 15(a)(1)(B).** .......... 7
**B. IN THE ALTERNATIVE, LEAVE SHOULD BE GRANTED UNDER RULE 15(a)(2) BECAUSE EVERY FOMAN FACTOR FAVORS AMENDMENT.** .......... 8
**First, No Defendant Will Suffer Prejudice.** .......... 9
**Second, the Amendment Is Prompt and Made in Good Faith.** .......... 9
**Third, the Amendment Is Not Futile.** .......... 10
**Fourth, This Is Plaintiff's First Amendment in This Court.** .......... 10
**C. JOINDER OF TORY LE, DAVID E. ARVIDSON, AND STACY HUNJADI IS PROPER UNDER RULES 20(a) AND 21.** .......... 10
**D. THE SECOND AMENDED COMPLAINT IS BEFORE THE COURT.** .......... 11
**V. CONCLUSION** .......... 11

THE LAW OFFICES OF: ANDRE L. VERDUN

## TABLE OF AUTHORITIES

### Cases

Bowles v. Reade, 198 F.3d 752 (9th Cir. 1999) ........ 10
DCD Programs, Ltd. v. Leighton, 833 F.2d 183 (9th Cir. 1987) ........ 9
Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048 (9th Cir. 2003) ........ 9, 10
Foman v. Davis, 371 U.S. 178 (1962) ........ 9, 10, 11
Gardner v. Martino, 563 F.3d 981 (9th Cir. 2009) ........ 2
Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992) ........ 9
No Cost Conference, Inc. v. Windstream Commc'ns, Inc., 940 F. Supp. 2d 1285 (S.D. Cal. 2013) ........ 8
Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708 (9th Cir. 2001) ........ 8, 9
Ramirez v. County of San Bernardino, 806 F.3d 1002 (9th Cir. 2015) ........ 7, 8
SAES Getters S.p.A. v. Aeronex, Inc., 219 F. Supp. 2d 1081 (S.D. Cal. 2002) ........ 5, 10
Sheen v. Wells Fargo Bank, N.A., 12 Cal. 5th 905 (2022) ........ 3
Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty., 708 F.3d 1109 (9th Cir. 2013) ........ 9
Williams v. Bd. of Regents, 477 F.3d 1282 (11th Cir. 2007) ........ 8

### Statutes

12 U.S.C. § 2605 ........ 3
15 U.S.C. § 1691(d) ........ 6
28 U.S.C. §§ 1331, 1367(a) ........ 11
Cal. Bus. & Prof. Code § 10176 ........ 4
Cal. Bus. & Prof. Code § 10240 ........ 7
Cal. Civ. Code § 1761(b) ........ 5
Cal. Civ. Code § 2923.1 ........ 6
Cal. Fin. Code § 22161 ........ 4, 6, 7
Cal. Fin. Code § 50701 ........ 7

### Regulations

12 C.F.R. § 1002.9 ........ 6

### Rules

Fed. R. Civ. P. 15 advisory committee's note to 2009 amendment ........ 8
Fed. R. Civ. P. 15(a)(1)(B) ........ 7, 8
Fed. R. Civ. P. 15(a)(2) ........ 8
Fed. R. Civ. P. 20(a) ........ 10
Fed. R. Civ. P. 21 ........ 10
Fed. R. Civ. P. 7(b)(1) ........ 2
Fed. R. Civ. P. 81(c)(1) ........ 7
S.D. Cal. CivLR 15.1(b) ........ 11

THE LAW OFFICES OF: ANDRE L. VERDUN

**Treatises**

William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial ¶ 8:1411 (The Rutter Group 2026) .......... 8

## I. INTRODUCTION

Two motions to dismiss are pending against the First Amended Complaint, a pleading drafted in state court before any defendant appeared. Rather than litigate the sufficiency of a superseded pleading, Plaintiff Tran Thuy Le ("Plaintiff") has filed a Second Amended Complaint that does three things. It resolves the issues raised in both motions: it withdraws the Real Estate Settlement Procedures Act and Truth in Lending Act claims, repleads the Consumers Legal Remedies Act claim as one arising from the purchase of services, pleads negligence only in the alternative, and gives the Unfair Competition Law claim independent statutory footing. It strengthens the remaining claims with the loan file itself: Arbor's own lender-completed application entries, its funding conditions, the executed loan documents, the escrow funding confirmation, and the written admissions of Arbor's loan officer and principal. And it adds the parties the facts require: the co-borrower who signed the note and deed of trust, and the two Arbor employees who made the representations.

Plaintiff files the Second Amended Complaint as a matter of course under Rule 15(a)(1)(B), within twenty-one days after Defendant The Turnkey Foundation Inc. doing business as Arbor Financial Group ("Arbor") served its Rule 12(b) motion. Plaintiff brings this motion in the alternative so that the Court need not resolve any question about the timing of the matter-of-course period. Every *Foman* factor favors leave: no scheduling order, no discovery, and no prejudice; a prompt amendment made in good faith in response to Defendants' own motions; and an amendment that cures rather than repeats. Plaintiff respectfully requests that the Court grant leave.



THE LAW OFFICES OF: ANDRE L. VERDUN

THE LAW OFFICES OF: ANDRE L. VERDUN

## II. PROCEDURAL BACKGROUND

Plaintiff filed this action in San Diego Superior Court on November 3, 2025, and filed the First Amended Complaint there before any defendant appeared. (Verdun Decl. ¶ 3.) Defendant Kind Lending LLC ("Kind") removed the action on March 12, 2026 (ECF No. 1) and moved to dismiss under Rule 12(b)(6) on March 19, 2026 (ECF No. 2). (Verdun Decl. ¶¶ 3-4.) Plaintiff opposed and requested leave to amend if any claim were dismissed. (ECF No. 5; Verdun Decl. ¶ 4.) The Court took Kind's motion under submission on April 27, 2026; no ruling has issued. (ECF No. 6; Verdun Decl. ¶ 4.) Arbor first appeared on August 20, 2026, with a motion to quash service and, in the alternative, to dismiss the CLRA, RESPA, and negligence claims under Rule 12(b)(6). (ECF No. 11; Verdun Decl. ¶ 6.) Plaintiff has since obtained a federal summons for Arbor. (ECF No. 12; Verdun Decl. ¶ 7.) No scheduling order has issued, no conference has been held, and no discovery has been taken. (Verdun Decl. ¶ 8.) After the April opposition was filed, Plaintiff's counsel obtained and reviewed the complete loan file. (Verdun Decl. ¶ 9.) Plaintiff files the Second Amended Complaint concurrently with this motion. (Verdun Decl. ¶ 10.)

## III. THE AMENDMENTS AND WHY THEY ARE MADE

A motion for leave must state the grounds for the amendment with particularity, Fed. R. Civ. P. 7(b)(1), and a request that proposes no new facts or theories gives the Court "no basis to allow an amendment." *Gardner v. Martino*, 563 F.3d 981, 991 (9th Cir. 2009). The Second Amended Complaint is attached as Exhibit A to the Verdun Declaration and is filed concurrently with this motion, and each change from the First Amended Complaint is described below. (Verdun Decl. ¶ 10, Ex. A.)

### A. THE AMENDMENT RESOLVES THE ISSUES RAISED IN KIND'S MOTION

THE LAW OFFICES OF: ANDRE L. VERDUN

**(ECF NO. 2).**

Kind's motion makes three arguments: that the First Amended Complaint pleads no RESPA violation because 12 U.S.C. § 2605 governs loan servicers; that the negligence claim fails for want of a duty and under the economic loss rule of *Sheen v. Wells Fargo Bank, N.A.*, 12 Cal. 5th 905 (2022); and that the UCL claim is derivative. (ECF No. 2-1 at 4-9.) The Second Amended Complaint answers each.

First, the RESPA claim is withdrawn in its entirety. (Verdun Decl. ¶ 10(d).) Plaintiff conceded the section 2605 point in the April opposition (ECF No. 5) and does not replead under any other RESPA provision.

Second, negligence is no longer the vehicle for Plaintiffs' tort theory. The Second Amended Complaint leads with negligent misrepresentation, intentional misrepresentation and concealment, constructive fraud, and breach of fiduciary duty, and pleads general negligence only in the alternative. (Verdun Decl. ¶ 10(f).) *Sheen* addressed only a general negligence claim for the handling of a loan modification application, and the court took care to say that negligent misrepresentation, promissory estoppel, and intentional misrepresentation "may offer recourse to borrowers" and that nothing in the opinion should be read to preclude those claims. 12 Cal. 5th at 948-49. The misrepresentation counts rest on specific written statements, identified by date, author, and document, including Arbor's July 29, 2025 email offering a 95 percent loan at 6.625 percent with zero points, the July 31, 2025 lock confirmation, the closing instructions stating that the listed conditions were "THE ENTIRE LIST OF FUNDING CONDITIONS," and the October 1, 2025 email of Arbor's loan officer admitting that the loan had been submitted for mortgage insurance "as rate and term" when "it is cash out." (Verdun Decl. ¶ 9.) As to Kind, the Second Amended

The Law Offices of: Andre L. Verdun

Complaint pleads Kind's role with the specificity Kind said was missing: Kind issued the Lock Confirmation on July 31, 2025 that priced the loan as a limited cash-out refinance at 95 percent loan-to-value, and Arbor's principal wrote on October 6, 2025 that Kind was the party that makes the lending decision and underwrites the file. (*Id.*) Those facts support the ECOA and UCL claims against Kind without resort to a common-law duty of care.

Third, the UCL claim no longer depends on the negligence claim. Its unlawful prong rests on independent statutory predicates: Financial Code section 22161, the CLRA, Business and Professions Code section 10176, and the Equal Credit Opportunity Act and Regulation B. (Verdun Decl. ¶ 10(i).) The unfair and fraudulent prongs rest on the misrepresentation facts described above.

**B. THE AMENDMENT RESOLVES THE ISSUES RAISED IN ARBOR'S MOTION (ECF NO. 11).**

Arbor's alternative Rule 12(b)(6) arguments are that the CLRA does not reach a mortgage loan, that the RESPA claim fails, and that the negligence count recasts contractual lending duties as a tort. (ECF No. 11-1 at 8-12.) The RESPA claim is withdrawn. The negligence count is pleaded only in the alternative, and the contract claim now identifies the writings on which it rests (the promissory note, the deed of trust, the Closing Disclosure, the general and specific closing instructions, and the lock confirmation) and pleads the consumer purpose of the loan, so that the line between the contract claim and the tort claims is drawn in the pleading itself. (Verdun Decl. ¶ 10(f)-(g).)

The CLRA claim is repleaded on a different footing. Arbor argued, relying on *Sonoda* and *Kirkeby*, that an extension of credit is not a "good" or "service." (ECF No. 11-1 at 8-10.) The Second Amended Complaint does not allege that the loan was a service. It alleges that Plaintiffs purchased Arbor's work:

origination, processing, coordination of underwriting and mortgage insurance, and preparation of the closing package, for which Plaintiffs paid fees before closing, and that Arbor misrepresented the characteristics and quality of that work. (Verdun Decl. ¶ 10(e).) "Services" under the CLRA means "work, labor, and services for other than a commercial or business use, including services furnished in connection with the sale or repair of goods." Cal. Civ. Code § 1761(b). Whether Arbor's work falls within that definition is a question for a motion directed to the new pleading, not a reason to deny leave. *See SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) (futility objections "are often more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend").

Arbor's service arguments are addressed separately. Plaintiff obtained a federal summons on August 21, 2026 (ECF No. 12) and is serving Arbor with federal process. (Verdun Decl. ¶ 7.) Nothing in this motion depends on the outcome of that issue.

**C. THE AMENDMENT STRENGTHENS THE CLAIMS WITH THE LOAN FILE AND ADDS THE PARTIES THE FACTS REQUIRE.**

The new allegations come from documents counsel reviewed after the April opposition. (Verdun Decl. ¶ 9.) The Second Amended Complaint pleads that Arbor's own lender-completed application forms classified the transaction as a "Limited Cash Out" refinance on July 31, 2025 and a "No Cash Out" refinance on September 22, 2025, while Arbor's funding conditions for the same loan called it a "CASH-OUT TRANSACTION" and its final application showed more than Seven Hundred Thirty-Seven Thousand Dollars ($737,000.00) in cash to the borrowers from a house with no mortgage; that Arbor reported underwriting and mortgage insurance approval, sent final loan documents to escrow, had both





THE LAW OFFICES OF ANDRE L. VERDUN

borrowers sign the note, deed of trust, and Closing Disclosure, and obtained an escrow confirmation of funding for September 30, 2025; that the loan never funded; that Arbor's loan officer and principal admitted the classification error in writing on October 1 and October 6, 2025; that Arbor's two counteroffers, Six Hundred Thirty Thousand Four Hundred Dollars ($630,400.00) and Six Hundred Eighty Thousand Dollars ($680,000.00), were each exactly 80 percent of a value Arbor had used; and that Arbor then stopped responding. (*Id.*) Those facts supply the who, what, when, and where that Rule 9(b) requires for the misrepresentation counts and the documentary basis for the contract and promissory estoppel counts.

The amendment adds three claims the file supports. The Equal Credit Opportunity Act claim against Arbor and Kind rests on undisputed facts: a completed application, a loan that was not made, and no written notice of adverse action or statement of reasons within thirty days. 15 U.S.C. § 1691(d)(1)-(2); 12 C.F.R. § 1002.9. (Verdun Decl. ¶ 10(h).) The fiduciary duty and constructive fraud claims rest on Arbor's dual role: lender on the documents, but a broker in fact that "reached out to several investors," locked the loan with Kind, and used Department of Real Estate forms, which brings Arbor within the duties of Civil Code section 2923.1 and Financial Code section 22161. (Verdun Decl. ¶ 10(f), (i).) The damages allegations are restated as the cost of the substitute financing Plaintiffs obtained, the loss of use of the loan proceeds, and the expenses incurred in reliance on Arbor's representations. (Verdun Decl. ¶ 10(j).)

The amendment adds three parties. Tory Le signed the promissory note, the deed of trust, and the Closing Disclosure as a co-borrower, received the same representations, and suffered the same loss. (Verdun Decl. ¶ 10(a).) David E. Arvidson and Stacy Hunjadi are the Arbor principal and loan officer who made





The Law Offices of: Andre L. Verdun

the representations alleged, including the October 2025 emails the pleading quotes; both are licensed by the Department of Real Estate and are personally liable for their own misrepresentations. (Verdun Decl. ¶ 10(b).) The amendment also corrects the spelling of Plaintiff's name, which appeared as "Thtuy" in the state-court pleading. (Verdun Decl. ¶ 10(a).)

**D. THE CLAIMS AND THEORIES WITHDRAWN.**

The Second Amended Complaint withdraws the RESPA claim, the TILA claim, and the Business and Professions Code section 10240 theory under the UCL, and replaces the Financial Code section 50701 predicate with Financial Code section 22161, the statute that governs Arbor as a California Financing Law licensee. (Verdun Decl. ¶ 10(d), (i).) The amendment narrows the case. It does not expand it.

## IV. ARGUMENT

**A. PLAINTIFF MAY FILE THE SECOND AMENDED COMPLAINT AS A MATTER OF COURSE UNDER RULE 15(a)(1)(B).**

Rule 15(a)(1)(B) permits a party to amend a pleading "once as a matter of course" within "21 days after service of a motion under Rule 12(b), (e), or (f)." Arbor served its Rule 12(b) motion on August 20, 2026, and Plaintiff files the Second Amended Complaint within twenty-one days of that service. (Verdun Decl. ¶¶ 6, 10.) The Ninth Circuit treats the matter-of-course amendment as a right, not a request. *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1007 (9th Cir. 2015). The First Amended Complaint does not exhaust that right: it was filed in state court under state procedure, before the Federal Rules applied to this action, Fed. R. Civ. P. 81(c)(1), and "Rule 15 is organized substantively, not chronologically. It does not prescribe any particular sequence for the exercise of its provisions." *Ramirez*, 806 F.3d at 1007. A matter-of-course amendment may

add parties. *No Cost Conference, Inc. v. Windstream Commc'ns, Inc.*, 940 F. Supp. 2d 1285, 1296-97 (S.D. Cal. 2013). And where one of several defendants has not yet responded, the plaintiff "may amend the complaint as a matter of course with regard to those defendants that have yet to answer." *Williams v. Bd. of Regents*, 477 F.3d 1282, 1291 (11th Cir. 2007) (decided under former Rule 15(a)); *see* William W. Schwarzer et al., *California Practice Guide: Federal Civil Procedure Before Trial* ¶ 8:1411 (The Rutter Group 2026).

Plaintiff acknowledges that Kind served its own Rule 12(b) motion on March 19, 2026, that Rule 15(a)(1)(B) keys the period to the earlier of a responsive pleading or a designated motion, and that the periods are not cumulative. Fed. R. Civ. P. 15 advisory committee's note to 2009 amendment. Because the application of those provisions to a later-appearing defendant is not settled in this Circuit, Plaintiff does not ask the Court to decide it. Plaintiff asks instead that the Court grant leave under Rule 15(a)(2), which makes the question academic. A timely amended pleading moots a motion to dismiss directed to the superseded pleading. *Ramirez*, 806 F.3d at 1008-09.

**B. IN THE ALTERNATIVE, LEAVE SHOULD BE GRANTED UNDER RULE 15(a)(2) BECAUSE EVERY FOMAN FACTOR FAVORS AMENDMENT.**

The Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his policy is to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (internal quotation marks omitted). Courts "may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma Cnty. Ass'n of Retired*





THE LAW OFFICES OF: ANDRE L. VERDUN

*Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Prejudice carries the greatest weight, and the opposing party "bears the burden of showing prejudice." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.* Because no Rule 16(b) scheduling order has issued (Verdun Decl. ¶ 8), the Rule 15 standard governs. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992).

**First, No Defendant Will Suffer Prejudice.**

Neither Defendant has answered. No scheduling order has issued, no conference has been held, and no discovery has been served. (Verdun Decl. ¶ 8.) Kind has had the substance of the amended pleading since April 23, 2026. (ECF No. 5; Verdun Decl. ¶ 4.) Arbor appeared eight days before this motion was prepared and has yet to respond to any pleading on the merits. (Verdun Decl. ¶ 6.) An amendment that arrives before any answer and before any case management deadline imposes no cognizable prejudice. *See Owens*, 244 F.3d at 712 (no prejudice where amendment "caused no delay in the proceedings and required no additional discovery"). There is no prejudice here.

**Second, the Amendment Is Prompt and Made in Good Faith.**

Plaintiff amended within twenty-one days of Arbor's first appearance and within days of Arbor's motion identifying the defects it contends exist. (Verdun Decl. ¶¶ 6, 10.) The new allegations come from the loan file counsel obtained and reviewed after the April opposition. (Verdun Decl. ¶ 9.) A party who amends to plead documents as soon as counsel has reviewed them is not dilatory, and



The Law Offices of: Andre L. Verdun

"[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). The amendment drops two federal claims and responds to Defendants' motions rather than evading them.

**Third, the Amendment Is Not Futile.**

Section III describes how each change answers the pending motions and pleads the misrepresentation counts with Rule 9(b) particularity. Objections to the sufficiency of an amended pleading "are often more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend." *SAES Getters*, 219 F. Supp. 2d at 1086. Defendants cannot make the "strong showing" of futility that would overcome the presumption in favor of leave. *Eminence Capital*, 316 F.3d at 1052.

**Fourth, This Is Plaintiff's First Amendment in This Court.**

No order of this Court has found any pleading deficient, and Plaintiff has had no prior opportunity to cure. (Verdun Decl. ¶¶ 3-4.) The "repeated failure to cure" factor has no application. *Foman*, 371 U.S. at 182.

**C. JOINDER OF TORY LE, DAVID E. ARVIDSON, AND STACY HUNJADI IS PROPER UNDER RULES 20(a) AND 21.**

Rule 20(a) permits joinder of plaintiffs and defendants whose claims or liabilities arise "out of the same transaction, occurrence, or series of transactions or occurrences" and share a common question of law or fact. Fed. R. Civ. P. 20(a)(1)-(2). Rule 21 provides that the Court "may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Every claim against every party arises from one refinance transaction, and every common question (what Arbor represented, how Arbor classified the loan, and why the loan did not fund) runs through all of them. (Verdun Decl. ¶ 10(a)-(b).) The joinder of the individual defendants does not affect this Court's jurisdiction, which rests on the federal question presented





THE LAW OFFICES OF: ANDRE L. VERDUN

by the ECOA claim and supplemental jurisdiction over the state-law claims. 28 U.S.C. §§ 1331, 1367(a).

**D. THE SECOND AMENDED COMPLAINT IS BEFORE THE COURT.**

Civil Local Rule 15.1(b) requires that a motion to amend be accompanied by a copy of the proposed amended pleading. The Second Amended Complaint is attached as Exhibit A to the Verdun Declaration and is filed concurrently with this motion as a pleading. (Verdun Decl. ¶ 10, Ex. A.) Section III above identifies each change from the First Amended Complaint, claim by claim and party by party, so that the Court and Defendants can see how the proposed pleading differs from the operative one.

## V. CONCLUSION

The Second Amended Complaint is timely as a matter of course. In the alternative, every *Foman* factor favors leave: no prejudice, no undue delay, no bad faith, no futility, and no prior amendment in this Court. Plaintiff respectfully requests that the Court grant the motion, deem the Second Amended Complaint the operative pleading, and order Defendants to respond to it within twenty-one days.

Dated: August 27, 2026

Respectfully submitted,
LAW OFFICE OF ANDRE L. VERDUN

By: /s/ Andre L. Verdun
Andre L. Verdun (SBN 265436)
Attorney for Plaintiff
Tran Thuy Le