UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

TRAN THTUY LE,

Plaintiff,

v.

THE TURNKEY FOUNDATION INC. d/b/a ARBOR FINANCIAL GROUP, KIND LENDING, LLC, and DOES 1–50, inclusive,

Defendants.

Case No.: 26-CV-1570 JLS (VET)

**ORDER (1) DENYING AS MOOT DEFENDANT KIND'S MOTION TO DISMISS, (2) GRANTING IN PART AND DENYING IN PART DEFENDANT ARBOR'S MOTION TO DISMISS AND/OR QUASH SERVICE AND (3) GRANTING PLAINTIFF'S MOTION TO AMEND/CORRECT.**

(ECF Nos. 2, 11, 13)

Presently before the Court is Defendant Kind Lending, LLC's ("Kind") Motion to Dismiss (ECF No. 2), Plaintiff's Response in Opposition (ECF No. 5) and Defendant Kind's Reply (ECF No. 7). Also before the Court is Defendant Arbor Financial Group's ("Arbor") Motion to Dismiss and/or Quash Service ("Arbor Mot.," ECF No. 11) and Plaintiff's Response in Opposition ("Opp'n," ECF No. 15). Also before the Court is Plaintiff's Motion to Amend/Correct the First Amended Complaint ("Mot. to Amend," ECF No. 13) and Defendant Kind's Notice of Non-opposition (ECF No. 14).

/ / /

For the reasons set forth below, the Court **DENIES AS MOOT** Defendant Kind's Motion (ECF No. 2), **GRANTS IN PART** and **DENIES IN PART AS MOOT** Defendant Arbor's Motion (ECF No. 11), and **GRANTS** Plaintiff's Motion to Amend (ECF No. 13).

**BACKGROUND**

This case arises from an attempted cash-out refinance loan between Plaintiff and Defendants. *See* ECF No. 1, Ex. 2 ¶ 15. Plaintiff alleges that over a 70-day period, Defendants falsely represented the loan was clear to close, *id.* at ¶ 37, failed to underwrite the loan correctly, *id.* at ¶ 58, and attempted to substitute inferior terms after discovering the underwriting failure, *id.* at ¶ 65–67.

Plaintiff sued in Superior Court and filed the First Amended Complaint before any defendant appeared. Opp'n at 2. Plaintiff served Defendant Kind on February 10, 2026. ECF No. 1 at 4. Kind removed the action on March 12, 2026. ECF No. 1. Plaintiff had not served Defendant Arbor in Superior Court. Mot. to Dismiss at 2; Opp'n at 1.

Kind moved to dismiss the First Amended Complaint, arguing that Plaintiff failed to state a claim against Kind as the potential loan purchaser. ECF No. 2-1 at 1. Plaintiff conceded dismissal for claims under California's Real Estate Settlement Procedures Act but maintained the sufficiency of the remaining claims against Kind. ECF No. 5 at 3.

On June 10, 2026, the final day for service on Arbor within the ninety-day deadline under Rule 4(m), Plaintiff submitted the Superior Court summons and the First Amended Complaint to the Orange County Sheriff's Department. Opp'n at 2. The Sheriff's authorized agent served Arbor on June 30, 2026. ECF No. 8. Arbor moved to dismiss the First Amended Complaint and quash service on August 20, 2026.

**MOTION TO QUASH SERVICE**

"The purpose of process is to give the addressee notice of the proceeding against him." *Beecher v. Wallace*, 381 F.2d 372, 373 (9th Cir. 1967). "Sufficiency of service of process prior to removal is governed by state law, while service after removal is governed by Federal Rules of Civil Procedure 4." *Dolan v. Nationstar Mortg. LLC*, No. 25-CV-2242-GPC-BJW, 2025 WL 3649273, at *1 (S.D. Cal. Dec. 16, 2025); *see* 28 U.S.C. § 1448.

Actual notice is not substitute for compliance with Rule 4. *S.E.C. v. Ross*, 504 F.3d 1130, 1138–39 (9th Cir. 2007) (quoting *Omni Cap. Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)). "Once a defendant challenges service, the plaintiff bears the burden of establishing valid service pursuant to Federal Rule of Civil Procedure 4." *Shoup v. JAG Welding, FAB & Servs., Inc.*, No. 24-CV-1776 JLS (AHG), 2025 WL 1208916, at *2 (S.D. Cal. Apr. 25, 2025). "If the plaintiff is unable to satisfy his burden of demonstrating effective service, a court may either dismiss the action or quash service and allow the plaintiff to serve the defendant again." *Id.* (citing *Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976)). "Where it appears that effective service can be made and there is no unfair prejudice to the defendant, quashing service rather than dismissing the action, and leaving the plaintiff free to effect proper service, is the appropriate course." *Wick Towing, Inc. v. Northland*, No. C15-1864JLR, 2016 WL 3461587, at *2 (W.D. Wash. June 21, 2016).

Here, Plaintiff does not dispute that the process and service of process was ineffective. Opp'n at 4. Arbor does not allege any unfair prejudice that resulted from ineffective service other than a delay filing the present motion. Arbor Mot. at 5–6. Thus, the Court finds the suitable remedy is to quash service and extend the timeline for service. *See* Fed. R. Civ. P. 4(m).

In light of the foregoing, the Court **GRANTS IN PART** Defendant Arbor's Motion to Dismiss and/or Quash Service (ECF No. 11) as to quashing service.

## MOTION TO AMEND

### I. Legal Standard

Motions to amend are governed by Federal Rule of Civil Procedure 15, which, as relevant here, provides that a party may amend its pleading once as a matter of course within twenty-one days of service of a motion under Rule 12(b) but otherwise must obtain either leave of the court or the written consent of the adverse party in order to amend. Fed.

/ / /

/ / /

R. Civ. P. 15(a); *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citing Fed. R. Civ. P. 15(a)).

The rule requiring leave of court also limits the amendment of pleadings in actions removed from state court. *See Schnabel v. Lui*, 302 F.3d 1023, 1037 (9th Cir. 2002) ("When a state court action is removed to federal court, the removed action is treated as if the original action has been commenced in federal court."). Thus, if a plaintiff files a first amended complaint as of right in state court before removal, a plaintiff may not again amend its complaint without first obtaining either the opposing party's written consent or leave of court. *See e.g., Hosp. Mktg. Concepts, LLC v. Inter-Cont'l Hotels Corp.*, No. SACV151342JVSDFMX, 2015 WL 13284964, at *1 (C.D. Cal. Oct. 21, 2015); *Howell v. City of Fresno*, No. CVF07371OWWTAG, 2007 WL 1501844, at *2 (E.D. Cal. May 23, 2007).

The general policy provided by Rule 15(a)(2) that "[t]he court should freely give leave when justice so requires" is "to be applied with extreme liberality." *Eminence Cap., LLC*, 316 F.3d at 1051 (citing *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). Accordingly, leave should be "freely given" absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Yakama Indian Nation v. State of Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999) ("Amendment under the Federal Rules of Civil Procedure should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay.") (internal quotation omitted). Of these factors, prejudice is the most important. *Eminence Cap., LLC*, 316 F.3d at 1052. "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

In deciding whether to grant leave to amend, a trial court "should be guided by the underlying purpose of Rule 15(a) . . . to facilitate decisions on merits, rather than on

technicalities or pleadings." *James v. Pliler*, 269 F.3d 1124, 1126 (9th Cir. 2001) (citing *United States v. Webb*, 655 F.2d 977, 979–80 (9th Cir. 1981)). Absent prejudice or a strong showing of the other *Foman* factors, there is a presumption in favor of granting leave to amend. *Eminence Cap., LLC*, 316 F.3d at 1052 (internal citation omitted).

## II. Discussion

Plaintiff does not oppose the dismissal of the third cause of action against both Defendants under California's Real Estate Settlement Procedures Act. Mot. to Amend at 2; *see* ECF No. 1-2 at 22–24. But Plaintiff maintains the remaining claims and asserts the amendment will "strengthen the claims with facts drawn from the loan file . . . ." *Id.* Plaintiff argues no party will suffer prejudice because no scheduling order has issued and no discovery has been taken. *Id.* at 3. Plaintiff also adds Tory Le, the co-borrower, as a plaintiff and two Arbor employees as co-defendants. Mot. to Amend at 2. Although most of the claims in the proposed amendment are reorganized from the First Amended Complaint, Plaintiff adds a claim under the Equal Credit Opportunity Act. ECF No. 13-4 at 33. Kind does not oppose Plaintiff's proposed amendment. ECF No. 14.

The Court finds that Defendants are not prejudiced by Plaintiff's proposed amendment. Although there is an additional claim, the initial complaint made Defendants sufficiently aware of the nature of Plaintiff's claims. *Kohler v. Flava Enters., Inc.*, No. 10-CV-730-IEG NLS, 2011 WL 666899, at *2 (S.D. Cal. Feb. 17, 2011). Further, the case is in its infancy, and the Court has not yet set the cutoff dates for discovery and amending the pleadings.

The Court finds that permitting amendment promotes judicial economy and conserves both the Parties' and the Court's resources by avoiding both briefing and deciding Arbor's Motion to Dismiss that is potentially obviated by the proposed amendment.

/ / /

/ / /

/ / /

In light of the foregoing, the Court **GRANTS** Plaintiff's Motion to Amend (ECF No. 13) and **DENIES AS MOOT** Defendant Kind's Motion to Dismiss (ECF No. 2) and **DENIES IN PART AS MOOT** Defendant Arbor's Motion to Dismiss and/or Quash Service (ECF No. 11) as to dismissal.

## CONCLUSION

In sum, the Court **DENIES AS MOOT** Defendant Kind's Motion to Dismiss (ECF No. 2); **GRANTS IN PART** and **DENIES IN PART AS MOOT** Defendant Arbor's Motion to Dismiss and/or Quash Service (ECF No. 11); and **GRANTS** Plaintiff's Motion to Amend (ECF No. 13).

The Court **QUASHES** Plaintiff's attempted service on Defendant Arbor and Plaintiff **SHALL SERVE** Defendant Arbor in accordance with Federal Rule of Civil Procedure 4 no more than thirty (30) days after the electronic filing date of this order. Plaintiff **SHALL FILE AND SERVE** the Second Amended Complaint, previously docketed as ECF No. 13-4, within seven (7) days of the date on which this Order is electronically docketed.

**IT IS SO ORDERED.**

Dated: September 25, 2026

Janis L. Sammartino
Hon. Janis L. Sammartino
United States District Judge