UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAN THTUY LE and TORY LE,<br>Plaintiffs,<br>v.<br>THE TURNKEY FOUNDATION INC., et al.,<br>Defendants. | Case No.: 26-CV-1570 JLS (VET)<br>**ORDER GRANTING EX PARTE APPLICATION FOR ORDER EXTENDING TIME TO SERVE DEFENDANT THE TURNKEY FOUNDATION INC. DBA ARBOR FINANCIAL GROUP**<br>(ECF No. 22) |

Presently before the Court is Plaintiffs' Application for Order Extending Time to Serve Defendant The Turnkey Foundation Inc. d/b/a Arbor Financial Group ("Appl.," ECF No. 22). Plaintiffs' counsel asks the Court for a fourteen-day extension of the thirty-day deadline set by the Court's September 25, 2026, Order. *See* Appl. at 1.

Previously, Plaintiffs attempted to serve The Turnkey Foundation Inc. d/b/a Arbor Financial Group ("Arbor") with a state court summons after removal. *Id.* Arbor moved to dismiss or, in the alternative, quash the summons. ECF No. 11. The Court granted Arbor's motion in part and ordered Plaintiffs to serve Arbor within thirty days. ECF No. 17. Plaintiffs engaged a registered process server to serve the summons and the Second Amended Complaint at the address Arbor identified in its motion to dismiss. Appl. at 2.

They also asked Arbor's counsel to accept service via email, but Arbor's counsel has not responded. *Id*. at 1–2.

Federal Rule of Civil Procedure 4(m) sets an "irreducible allowance" of ninety days for a Plaintiff to complete service. *Henderson v. United States*, 517 U.S. 654, 661 (1996); Fed. R. Civ. P. 4(m). If a plaintiff fails to effect service within that time frame, Rule 4(m) (1) "*requires* a district court to grant an extension of time when the plaintiff shows good cause" for their delay in service and (2) "*permits* the district court to grant an extension even in the absence of good cause." *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007). When exercising their discretion to grant or deny an extension, courts "may consider factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" *Id.* at 1041 (quoting *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)).

Although Plaintiffs sought the extension before the deadline expired, the Court does not find good cause based on counsel's single email to Arbor's counsel and incomplete service via a registered process server. *See* Appl. at 1–2. However, the Court will grant an extension despite Plaintiffs' insufficient excuse. Arbor is aware of the claims against it. *See* ECF No. 11. Moreover, the Court sees no reason why Defendants would be prejudiced by a short additional delay.

Accordingly, the Court **GRANTS** the Application. Plaintiffs **SHALL SERVE** Defendant Arbor in accordance with Federal Rule of Civil Procedure 4 on or before November 9, 2026. The Court further takes this opportunity to remind the Parties of this District's Code of Conduct set forth in Civil Local Rule 2.1(a), particularly the duty "to not arbitrarily or unreasonabl[y] withhold consent to a reasonable request for cooperation or accommodation." S.D. Cal. CivLR 2.1(a)(3)(d).

**IT IS SO ORDERED.**

Dated: October 27, 2026

*Janis L. Sammartino*

Hon. Janis L. Sammartino
United States District Judge